## CHARLES BONATS v. THE STATE.

Where there was no evidence to warrant a verdict of distilling liquor without license, a new trial ought to have been granted.

APPEAL from Harris.   The case was tried before Hon. COLBERT CALDWELL, one of the district judges.

The defendant was indicted (4th May, 1865) and convicted for "distilling liquor without license." Under what law the proceeding was had is not known to the *Reporter*. There is no such offense known to the Penal Code, for the reason, perhaps, that at the time of its compilation and enactment, and during the years of its amendments, prior to the war, there was no such practice as distilling liquor known to Texans.   Whatever was drank was imported from countries less regardful of public morals.

It first developed itself, like many other irregularities unknown among our people, as one of the curses of the civil war.   Having no place in our laws, the zealous Governor, FRANCIS R. LUBBOCK, issued a *pronunciamento* proclamation against distilleries in 1861. (Paschal's Dig., Note 1141, p. 883.)

There was a peculiar law passed, as a war measure, for taxing the distillation of liquors.   (Paschal's Dig., Art. 5228 to 5238.)   But the *Reporter* has no recollection of any statute for licensing distilleries, or of any penal law for distilling without license.   If there was such, he omitted it from his Digest as obsolete, or void "*ab initio*." As the indictment concludes, "contrary to the form of the statute in such cases provided," and the point was not raised in the record, the briefs, or the opinion of the court, and the *Reporter* has not the session acts before him, the remark is made with diffidence.

It was proved, that in 1864 the witnesses saw upon the premises of the defendant two copper kettles, surrounded

by mud or bricks, with a pipe or spiral tube. The witnesses understood this was a still, though they did not understand the process of distilling. Never saw the defendant engaged in distilling liquor.

One witness was a deputy city marshal on the great day of the "break up of the Confederacy," in May, 1865, when the soldiers resisted the officers and were dividing out the public property. He was ordered to destroy all liquor. He went to the house of the defendant, found two barrels there, and "smashed them." But the witness knew nothing about distilling.

The court seems to have given no charge. The jury returned a verdict of "guilty" merely, and the court assessed a fine of $100; a practice unknown to our laws, as the juries assess the punishments. A motion for a new trial having been overruled, the defendant appealed.

*F. C. Hume,* for appellant.—This is an indictment for distilling spirituous liquors without license. There was a verdict of "guilty," and the appellant moved for a new trial, on two grounds: 1st, that the verdict of the jury was contrary to law, inasmuch as there was no proof that he ever engaged in the occupation of distilling; and 2d, that the court erred in the charge to the jury. This motion was overruled, and the defendant appealed.

The only point in the case is contained in the first cause assigned for a new trial, the second cause depending on that.

The statement of facts discloses, that on an inspection of the defendant's premises, by two witnesses, tools and instruments used in distilling were found, and the apparatus was understood by one witness to be a still.

It is simply a question of circumstantial evidence, and, in support of its sufficiency to warrant the conviction and judgment of the court below, reference is made to Roscoe's Crim. Ev., 388, 399, 400;  3 Phil. on Ev., 3, 454, 455.

No brief for the State has been furnished to the *Reporter*.

Donley, J.—The evidence docs not show that the defendant was engaged in distilling spirituous liquors. There was a still upon the premises, but it does not with certainty appear that it was in a condition to be used for the purpose of distilling liquors. If, however, it may be inferred from the evidence that the still was in a condition to be used for the purpose of distilling, there is no evidence that it was so used. Liquors were found upon the premises in barrels. This is a circumstance against the defendant, but it is not sufficient to warrant a conviction. From anything that appears in the evidence to be contrary, the liquors in the barrels were procured elsewhere and brought to the defendant.

It does not appear from the evidence that the liquors mentioned by the witness were at the still, or at what place about the premises of the defendant. If the proof had shown that the still was operated on the premises of the defendant, and liquors being found there, the jury might have been warranted in finding the defendant guilty, without other evidence of his actual participation in or control of the business, unless he should, by evidence, acquit himself. It may be presumed that what is done on the premises of any person in conducting any business there is done by the authority of the proprietor; but the defendant is not required to introduce evidence until a case is made against him warranting a verdict of guilty. The proof here fails to make such a case. The judgment is reversed, and the cause

Remanded.